IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LANCE PHILLIPS, On Behalf of Himself and All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.: 3:17-cv-00971-N |
| ACCEL LOGISTICS, INC., | § § | Jury Demanded |
| Defendants. | § § | |

**JOINT STATUS REPORT**

The Parties, pursuant to the Court's Order, hereby file this Status Report as follows.

**Judge Specific Requests:**

**a.     A brief statement of the nature of the case, including the contentions of the parties;**

Plaintiff's Position: The present matter is brought under the Fair Labor Standards Act. 29 U.S.C. § 201 *et seq*. Suit was filed to recover unpaid overtime wages, liquidated damages, attorneys' fees and costs from Defendant based on its alleged failure to pay proper overtime wages to Plaintiff and similarly situated workers. This case was also filed as a collective action pursuant to Section 216(b) of the FLSA.

Defendant's Position:   Defendant denies Plaintiff's allegations and contends Plaintiff was properly compensated and properly classified as an exempt employee.

**b.     The status of settlement discussions (excluding any discussion of amounts);**

Response:     No settlement discussions have been engaged in to date. It is the Parties' desire, however, to amicably resolve this matter if reasonably feasible.

**c.     Possible joinder of additional parties;**

<u>Response</u>:     <u>Plaintiff</u> anticipates that additional individuals will join this matter as opt-in plaintiffs. Additionally, discovery may warrant the inclusion of additional Defendants.

<u>Defendant:</u>  Defendant does not anticipate joining additional parties.

**d.     Any anticipated challenges to jurisdiction or venue;**

<u>Response</u>:     None.

**e.     Date by which the case will be ready for trail and estimated length of trial.**

<u>Response</u>:     The Parties propose August 2018, as the trial date. The Parties estimate that a trial of this case would be less than one week. A jury has been demanded.

**f.      The desirability of ADR, and the timing for ADR; and**

<u>Response</u>:     The parties are open to resolving this matter through mediation once the composition of the class, if any, is known. The parties are also open to resolution through less formal discussions as well.

**g.     Any objections to disclosure under Rule 26(a)(1).**

<u>Response</u>:     None.

Rule 26(f) Subjects

a) **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

   The Parties anticipate making initial disclosures by June 20, 2017.

b) **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

   The Parties anticipate taking discovery on Plaintiff's job duties, hours of work, compensation, employment agreement and Defendant's affirmative defenses. Discovery does not need to be phased or limited.

c) **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

   None at this time.

d) **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

   The Parties do not foresee any issues at this time and do not need an order under

   Federal Rule of Evidence 502.

e) **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

   None at this time.

f) **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

   None at this time.

        Respectfully submitted,

        */s/ J. Derek Braziel*
        **J. DEREK BRAZIEL**
        Texas Bar No. 00793380
        jdbraziel@l-b-law.com
        Lee & Braziel, L.L.P.
        1801 N. Lamar Street, Suite 325
        Dallas, Texas  75202
        (214) 749-1400 phone
        (214) 749-1010 fax
        www.overtimelawyer.com


        **MICHAEL SHANE MCGUIRE**
        Texas Bar No. 24055940
        shane@mcguirefirm.com
        The McGuire Firm
        102 N. College Ave., Suite 301

Tyler, Texas 75702
(903) 630-7154 phone
(903) 630-7173 fax

**ATTORNEYS FOR PLAINTIFF AND SIMILARLY SITUATED EMPLOYEES**


         / s /  Jeffrey E. Hansen
Jeffrey E. Hansen
State Bar No. 00784208
Hasten & Hansen, Attorneys At Law
1101-A North Little School Road
Arlington, Texas 76017
jeff@hhattorneys.com
susan@hhattorneys.com
817.429.0956 (Phone)
817.496.4605 (Fax)

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record through the Court's ECF system as of the date file-stamped thereon.


*/s/J. Derek Braziel*
**J. DEREK BRAZIEL**